IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| JAMES McGRATH and wife, )<br>THERESA McGRATH, )<br>  )<br>  )<br>    Plaintiffs, )<br>  )<br>v )<br>  )<br>LOWE'S HOME CENTERS, INC., CAPPS )<br>RENT-A-CAR, INC., THE KNAPHEIDE )<br>MANUFACTURING CO. and J-ROD, INC.)<br>  )<br>    Defendants. ) | No. 3:06-0989<br><br>MAGISTRATE JUDGE BRYANT |

**THIRD AMENDED CASE MANAGEMENT ORDER**

Pursuant to Rule 16 of the Local Rules of Court, and based upon the **JOINT MOTION TO ALTER SECOND AMENDED CASE MANAGEMENT ORDER AND TRIAL DATE** (Document  42  ) filed by all parties, this **THIRD AMENDED CASE MANAGEMENT ORDER** is hereby made the Order of this Court.

1.  Jurisdiction.   Jurisdiction is conferred upon the Court by 28 U.S.C. § 1332 since defendants are not citizens or residents of the State of Tennessee, nor have their principal place of business in the State of Tennessee and the amount in controversy exceeds seventy-five thousand ($75,000.00) dollars exclusive of interests and costs.

2.  Service of Process.   Service of process was completed on the defendant Lowe's Home Centers, Inc. on or about June 21, 2006, by certified mail return receipt.  Service of process was completed on defendant Capps Rent-A-Car, Inc. on or about September 14, 2006, by certified mail return receipt.  Service of process upon defendant The Knapheide Manufacturing

Co. was completed on or about August 17, 2007 by certified mail return receipt. Service of process upon defendant J-Rod, Inc. was received by Knapheide Manufacturing Co. on or about August 17, 2007 by certified mail return receipt. Defendant J-Rod, Inc. first received actual notice of this lawsuit on or about November 1, 2007, from Knapheide. Defendant J-Rod, Inc. is not contesting service of process.

3. <u>Responsive Pleadings.</u> Defendant Lowe's Home Centers, Inc. filed an Answer on October 5, 2006. Defendant Capps Rent-A-Car, Inc. filed an Answer to the First Amended Complaint on October 17, 2006. Defendant Knapheide Manufacturing Co. filed an Answer on November 9, 2007. Defendant J-Rod, Inc. will file its Answer on or before December 14, 2007.

4. <u>Plaintiffs' Theory.</u>

Both Plaintiffs allege that the negligence of Defendant Lowe's Home Centers, Inc. caused Plaintiff James McGrath personal injuries, and his wife Plaintiff Theresa McGrath to lose the consortium of her husband, for these harms and losses the Plaintiffs are entitled to compensation.

Plaintiffs allege the following:

a. They purchased a riding lawnmower from Defendant Lowe's Home Centers, Inc., and rented a truck from Lowe's Home Centers, Inc. for the purpose of transporting the riding lawnmower to the Plaintiffs' residence;

b. Defendant Lowe's Home Centers, Inc. was a bailor, and this transaction resulted in a bailment for hire for the mutual benefit of the Plaintiffs and Defendant Lowe's Home Centers, Inc.;

c. An employee of Defendant Lowe's Home Centers, Inc. then proceeded to load the riding lawnmower onto the rented truck. That employee pulled from the delivery truck two (2) "ramps" and affixed them to the rear of the truck such that they extended to the ground, for the purpose of loading the riding lawnmower onto the truck by rolling it up the ramps. That employee of Defendant Lowe's Home Centers, Inc. instructed Plaintiff James McGrath to drive the riding lawnmower up the ramps onto the truck, subject to that employee's instructions, guidance and control. While driving the riding lawnmower up the ramps, one of the ramps gave way, causing the riding lawnmower, with Plaintiff James McGrath on that lawnmower, to fall, and cause injury to Plaintiff James McGrath.

d. Defendant Lowe's Home Centers, Inc. failed to use reasonable care when affixing the ramps to the truck and by instruction the Plaintiff to drive the lawnmower up the ramps onto the truck.

e. Defendant Lowe's Home Centers, Inc. failed to use reasonable care to see that the truck and ramps, as of the time of their letting, were free from any defects or weaknesses rendering them unfit for their known intended use. Any defect or weakness in the ramps was not known or obvious to the Plaintiff James McGrath such that he could have avoided injury, and such that Defendant Lowe's Home Centers, Inc. is liable for the Plaintiffs' injuries and other harms and losses proximately resulting from the dangerous or defective condition of the truck and ramps.

f. Because Defendant Lowe's Home Centers, Inc. has alleged that Defendant Capps Rent-A-Car, Inc. was the owner of the rental truck and ramps in question, and should be responsible for the dangerously defective ramps being the proximate cause of the Plaintiffs' harms and losses, rather than the misplacement or improperly affixing the ramps by Defendant Lowe's Home Centers, Inc. Plaintiffs alternatively allege that the negligence of Capps Rent-A-Car, Inc. contributed to and/or caused Plaintiffs injuries, based solely on this allegation of Defendant Lowe's Home Centers, Inc.

g. Because Defendant Capps Rent-A-Car, Inc. has alleged that some if not all comparative fault against J-Rod, Inc. and The Knapheide Manufacturing Co., who are alleged to have manufactured the ramps, Plaintiffs hereby adopt any such allegation and based solely upon Capps Rent-A-Car, Inc.'s allegation, alternatively alleges that the negligence of J-Rod, Inc. and/or The Knapheide Manufacturing Co. caused and/or contributed to the cause of Plaintiff's injuries as alleged in this action.

Plaintiff James McGrath has suffered physical injuries for which he is still undergoing treatment. Pending treatment includes additional medical tests, a planned surgery and referral to additional medical specialists. Thus, at this time, Plaintiff James McGrath has not reached maximum medical improvement and both he and his wife Plaintiff Theresa McGrath's damages continue to grow. It is uncertain at this time how much future care will be required, the duration of time necessary to complete all care, and otherwise ascertain the full effects of the harms and losses.

<u>Defendant Lowe's Home Centers, Inc.'s Theory.</u>

> Lowe's was not negligent and no negligence of Lowe's proximately caused any of Plaintiff's damages. Plaintiff bought a lawnmower and rented a Capps Rent-A-Car. Plaintiff voluntarily drove the lawnmower onto the truck. As he was driving the mower up the metal ramps into the truck, a weld on one of the ramps failed. Mr. McGrath contends he was injured when this occurred. Capps owned the ramp and Capps is responsible for the maintenance of their vehicles and the ramps.

Defendant Capps Rent-A-Car, Inc.'s Theory.

It is this Defendant's theory that is was not negligent and no negligence of Capps Rent-A-Car caused any of Plaintiffs' damages. It is further this Defendant's theory that Lowe's Home Centers, Inc. was negligent by instructing the Plaintiff to drive the riding mower up onto the truck and by failing to properly secure the loading ramps. This Defendant further relies upon any affirmative defenses in its Answer to Second Amended Complaint.

Defendant J-Rod, Inc.'s Theory.

Defendant J-Rod, Inc. denies any allegations of negligence pertaining to it. In addition, and with regard to any such allegations, Defendant J-Rod, Inc. would rely upon the Tennessee law of comparative fault based upon the allegations of fault against the Plaintiff James McGrath and Co-Defendants Lowe's and Capps set forth by each of them in the pleadings and this Case Management Order. Defendant J-Rod was not a party to this case until the Second Case Management Conference on November 15, 2007, and therefore, has not had the opportunity for discovery in this case. J-Rod, therefore, has requested all discovery which preceded its involvement in this cause of action and reserves the right to conduct further discovery, for the purpose of properly evaluating the issues of liability and damages in this case. J-Rod has requested, but not yet received, all of the referenced pre-existing discovery. Therefore, J-Rod reserves the right to add additional defenses or amend its defenses and affirmative defenses in accordance with full discovery as permitted by this Order and the Federal Rules of Civil Procedure.

Defendant The Knapheide Manufacturing Co.'s Theory.

Knapheide Manufacturing Co. has filed an Answer to the Third Amended Complaint, and incorporates each of the defenses raised in this Answer by reference. In addition, Knapheide did not own any assets of J-Rod, Inc. as of the date of this accident, June 10, 2005. This Defendant may not be held liable under any theory for any allegations directed to J-Rod, Inc. or any other party during the time period of this accident. The ramps alleged to have been manufactured by Knapheide Manufacturing Co. were not manufactured or designed by Knapheide Manufacturing Co. Knapheide Manufacturing Co. did not design or manufacture of the ramps in question during the year 2005 or prior to said date. Knapheide Manufacturing Co. did not assume any pre-existing liabilities of J-Rod, Inc. The subject of this lawsuit is alleged to have been a ramp that alleged failed in 2005 and which was alleged manufactured by J-Rod, Inc. The alleged ramp product is alleged to have failed in 2005, long before Knapheide Manufacturing Co. purchased any of J-Rod, Inc.'s assets. Knapheide Manufacturing Co. has no liability for any claim arising in 2005 from any product allegedly designed or manufactured by J-Rod, Inc. or any other party. Knapheide has discussed the possibility of being voluntarily dismissed from this action without prejudice and

expects to reach an agreement concerning a possible voluntary dismissal without prejudice in the near future.

5. <u>Other Claims.</u> At this time, the parties are not aware of the need for any additional counterclaims, cross-claims, third-party claims, joinder of the parties or claims, or maintenance of class action. Should the parties become aware of the need for such pleadings, then they will inform the other of the same as is reasonably possible.

6. <u>Status of the Issues Presented</u>. No specific issues or facts are resolved at this time. Issues still in dispute are whether all Defendants were negligent, whether such alleged negligence proximately caused the injuries of Plaintiff, and the amount of damages. Additionally, whether the Plaintiff was comparatively at fault is at issue.

7. <u>Admissions and Stipulations to Authenticity.</u> The parties shall request admissions of fact and/or stipulations regarding the authenticity of documents from each other pursuant to F.R.C.P. Rule 36.

8. <u>Discovery.</u>

  a. <u>Mandatory Initial Disclosures</u>. Parties must make their initial disclosures pursuant to F.R.C.P. 26(a)(1) by February 27, 2007. Defendant J-Rod, Inc. shall make its initial Rule 26(a)(1) disclosure by December 21, 2007. This Rule 26 deadline shall also apply to Defendant Knapheide if that defendant has not been dismissed by voluntary non-suit on or before December 21, 2007 ("<u>Defendant The Knapheide Manufacturing Co.'s Theory</u>" hereinabove).

  b. <u>Written Discovery.</u> All written discovery shall be served by February 1, 2008. Responses to written discovery shall be in accordance with F.R.C.P. Defendants Lowe's and Capps shall furnish J-Rod, on or before December 7, 2007, with the information and documents they have been reasonable able to locate as requested of them by J-Rod by letter

dated November 15, 2007. All parties shall respond to written discovery which has been served but not yet responded to by March 28, 2008.

   c. <u>Expert Disclosure.</u> Plaintiffs shall disclose their experts and provide Rule 26 information by August 29, 2008. The parties agree, with the permission of the Court, that all medical proof shall be taken by deposition. Accordingly, Plaintiffs shall identify physicians whom they intend to depose for evidence at trial by August 29, 2008. Defendants shall disclose their experts and provide Rule 26 information by October 31, 2008.

   d. <u>Depositions.</u> Depositions of all factual witnesses are to be completed by August 29, 2008. Plaintiffs shall complete all medical depositions for proof by November 3, 2008. Depositions of all expert witnesses are to be completed by January 16, 2009.

   e. <u>Limiting Discovery.</u> Rule 9(a)(2) of the Local Rules of Court is expanded to allow 40 interrogatories, including sub-parts, and successive sets. The parties have considered other limitations on discovery and agree that no limitations on discovery should be made at this time in addition to those which apply pursuant to F.R.C.P.

   f. <u>Dispositive Motions Stay</u>. Discovery is not stayed during dispositive motions.

   g. <u>Protective Orders</u>. The parties do not anticipate the need for protective orders.

   h. <u>Discovery Disputes</u>. No motions regarding discovery disputes shall be filed until after the parties have conferred person to person in a good faith effort to resolve the dispute between themselves and, should that be unsuccessful, until after the parties have participated in a conference call with Magistrate Bryant in an effort to resolve the dispute.

    i. <u>F.R.C.P. Rule 26(f) Conference</u>. The Second Case Management Conference conducted on November 15, 2007 shall serve as the parties F.R.C.P. Rule 26(f) discovery conference.

  9. <u>Settlement</u>. Settlement negotiations or any attempt to narrow the issues is premature at this point as more discovery is needed to evaluate the strengths and weaknesses of the parties' relative positions.

  10. <u>Alternative Dispute Resolution</u>. This case has the potential to be settled outside of court, and all parties agree to submit to alternative dispute resolution. The best time to seek alternative dispute resolution is after completion of written discovery and the deposition of the parties and fact witnesses but before deposing experts and the filing of summary judgment motions.

  11. <u>Dispositive Motions</u>. All dispositive motions are to be filed by November 3, 2008. Responses shall be filed within 30 days of service of the motion. Replies shall be filed within 10 business days of service of the motion and shall not exceed ten pages.

  12. <u>Trial</u>. Jury trial is set for March 17, 2009 at 9:00 a.m. before Magistrate Judge Bryant. A pretrial conference shall be held on March 3<u>, 2009 </u>at 1:30 p.m. in Courtroom 776. Trial is anticipated to last two to three days.

  13. <u>Subsequent Case Management Conferences</u>. If the case is not disposed of by dispositive motions or interlocutory appeal of such motions, Plaintiffs' counsel shall contact the Court within ten business days of entry of the Order ultimately denying the dispositive motions in order to schedule another case management conference.

  14. <u>Proposed Before the Magistrate Judge</u>. The parties have consented to proceeding before Magistrate Judge John Bryant.

15. <u>Modification</u>.  This order may be modified pursuant to Local Rule 16(d)(4).

ENTERED on this <u>24th</u> Day of <u>March</u>, 2008.

              *s/ John Bryant*
              MAGISTRATE JOHN S. BRYANT

APPROVED FOR ENTRY:

_____
Peter M. Olson #14977
OLSON & WALLACE, PLC
114 Franklin Street
Clarksville, Tennessee 37040
(931) 906-0080
Attorney for Plaintiffs


_____
Kent E. Krause #006325
BREWER, KRAUSE, BROOKS, CHASTAIN & BURROW, PLLC
611 Commerce Street
Suite 2600
P. O. Box 23890
Nashville, Tennessee 37202-3890
(615) 256-8787
Attorney for Defendant Capps Rent-A-Car, Inc.


_____
Frank Thomas #12268
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
Attorney for Defendant Lowe's Home Centers, Inc.


_____
Robert E. Parker #002756
Thomas W. Lawrence, Jr. #003611
PARKER, LAWRENCE, CANTRELL & DEAN
Noel Place 5th Floor
200 4th Avenue North Suite 500
Nashville, Tennessee 37219
(615) 255-7500
Attorney for Defendant J-Rod, Inc.