IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES McGRATH, ET AL.            )
                                 )
v.                               )   No. 3:06-0989
                                 )   Magistrate Judge Bryant
LOWE'S HOME CENTERS, INC., ET AL.)

## MEMORANDUM AND ORDER

### I.

This case is before the undersigned for all further district court proceedings, pursuant to the consent of the parties. The facts giving rise to this matter are established on the record by various pleadings and papers, and will not be recited in detail here. It is sufficient for purposes of this order to state the undisputed fact that plaintiffs seek to recover for injuries sustained upon the failure of a pair of loading ramps during the attempted move of a recently purchased lawnmower to a truck bed, and subsequent to the accident, the failed ramps were discarded by a Lowe's employee, and cannot be recovered.

Currently pending is a joint motion to amend/correct the Third Amended Case Management Order, which is hereby **GRANTED**.

Also pending is defendant J-Rod, Inc.'s motion for summary judgment (Docket Entry No. 46), to which all parties have responded in some fashion. Plaintiffs' response indicates that they do not oppose the summary dismissal of their "claim" against J-Rod, contained in their Third Amended Complaint,[1] but reserves the right to later claim an

---

[1] Plaintiffs' Third Amended Complaint merely recognizes and adopts by reference Capps' allegation of J-Rod's comparative fault, and brings J-Rod into the lawsuit as an alleged comparative

1

evidentiary benefit against Lowe's based on its spoliation of evidence, which forms the foundation of J-Rod's motion. Capps Rent-A-Car, Inc. disputes the propriety of summary judgment, based on the existence of genuine factual issues as to whether J-Rod manufactured the malfunctioned ramps which were disposed of by Lowe's personnel, but endorses J-Rod's argument that this spoliation is sanctionable not only by precluding J-Rod's comparative fault, but also by precluding its own comparative fault with the striking of Lowe's's pleading of the affirmative defense.

       The court finds summary judgment in this instance to be inappropriate. The issues of the ramps' condition at the time of the accident and the extent of any preexisting defect have been pretermitted as a matter of fact, rather than established unfavorably to Lowe's as a matter of law. In any event, the court will sanction Lowe's for its spoliation of the critical evidence in this case by striking its affirmative defense of comparative fault on the part of Capps, pursuant to Capps' adoption of J-Rod's argument on that front in their response to J-Rod's motion (Docket Entry No. 52), which this court (in agreement with Lowe's (Docket Entry No. 55 at 3)) construes as Capps' motion to strike. Accordingly, Capps is left to defend whatever negligence claim plaintiffs assert against it in their Second Amended Complaint (Docket Entry No. 11), if any.[2] Moreover, due to the loss of the failed

---

tortfeasor. (Docket Entry No. 25, ¶ 12)

[2]Compare the court's Third Amended Case Management Order, wherein Plaintiffs' theory of the case against Capps relied exclusively upon the comparative fault alleged by Lowe's. (Docket Entry No. 43 at ¶ 4(f))

ramps, J-Rod cannot be held to answer for their failure, as agreed by plaintiffs,[3] Capps,[4] and (tacitly) Lowe's,[5] since it is now impossible to ascertain from their condition whether the ramps were defective at the time of their manufacture or at the time they left J-Rod's possession and control.

In light of these events, the claim against J-Rod in plaintiffs' Third Amended Complaint has been effectively mooted, and is **DISMISSED** as such. For the same reason, Capps' affirmative defense invoking J-Rod's comparative fault (Docket Entry No. 22 at 2-3, ¶¶ 3-4) is **DISMISSED**. Finally, as referenced above and further explained below, Lowe's's affirmative defense of Capps' comparative fault is **STRICKEN** as a sanction for its spoliation of indispensable evidence.

II.

J-Rod and Capps argue that the spoliation of key evidence by Lowe's prejudices their ability to adequately defend this lawsuit. J-Rod further argues that it is entitled to entry of final judgment pursuant to FED. R. CIV. P. 54(b). These arguments are addressed in turn.

<u>Spoliation</u>. In general, "[s]poliation is the intentional destruction of evidence that is

---

[3] <u>See</u> Docket Entry No. 50.

[4] <u>See</u> Docket Entry No. 52 at 2 ("Capps agrees that both it and J-Rod have been prevented from effectively defending against allegations of defect due to Lowe's destruction of the ramp in question, resulting in spoliation of evidence.").

[5] <u>See</u> Docket Entry No. 55, Lowe's's reply to Capps' response to J-Rod's motion, wherein Lowe's denies that it acted with the requisite intent, bad faith, or improper purpose to support a finding of spoliation, and therefore requests that it not be sanctioned by the striking of its allegation of Capps' comparative fault. Otherwise, Lowe's voices no opposition to J-Rod's motion.

3

presumed to be unfavorable to the party responsible for the destruction." Nationwide Mut. Fire Ins. Co. v. Ford Motor Co., 174 F.3d 801, 804 (6th Cir. 1999). However, "[t]he rules that apply to the spoiling of evidence and the range of appropriate sanctions are defined by state law." Id. Rule 34A.02 of the Tennessee Rules of Civil Procedure states that "Rule 37 sanctions may be imposed upon a party or an agent of a party who discards, destroys, mutilates, or conceals evidence." TENN R. CIV. P. 34A.02. These "sanctions include . . . refusal to allow claims or defenses; [and] even dismissal of a plaintiff's complaint." TENN R. CIV. P. 34A.02, advisory commission comments.

In Cincinnati Ins. Co. v. Mid-South Drillers Supply, Inc., the Tennessee Court of Appeals recently held that "the trial court has the discretion to sanction a party by dismissal of its case where the party's destruction of evidence severely prejudices an adverse party's defense irrespective of whether the destruction was inadvertent or intentional." Cincinnati Ins. Co., 2008 WL 220287, at *1 (Tenn. Ct. App. Jan. 25, 2008). In other words, in Tennessee, the trial court may impose Rule 37 sanctions for a Rule 34A violation, even if the loss of evidence by the adverse party is inadvertent. Id. In Cincinnati Insurance Co., the plaintiff filed an insurance claim alleging that a pressure hose responsible for damaging his well-drilling machine was "unreasonably dangerous and defective." Id. However, before the defendant could send its own experts to inspect the hose, the plaintiff had the part replaced and the damaged pieces discarded. Id. at *2-3. The trial court noted the importance of the hose to the plaintiff's insurance claim. Id. at *2. As a result, the court found that the spoliation of key evidence unduly prejudiced the defendant to the point that it could not adequately defend the lawsuit, and dismissed the complaint. Id. at *3-4. The appellate court affirmed the decision and found that Rule 34A does not require intentional destruction of

4

evidence for the court to impose Rule 37 sanctions. Id. at *1, 6. In its interpretation of Rule 34A, the court of appeals noted that "nowhere in Rule 34A does it state that a finding of intentional destruction of evidence is required before a trial court can order sanctions under Rule 37." Id. at *4. Though the trial court chose to dismiss the case, the appellate court noted the availability of other sanctions depending on the degree of prejudice and the facts. Id.

While Lowe's argues that spoliation is only sanctionable when accompanied by bad faith, the law in Tennessee, as expounded in Cincinnati Ins. Co., permits the trial court wide discretion in handling inadvertent loss of evidence. Id. at *1. Consequently, the court finds that the decision cited by Lowe's, Scott v. Eastman, does not control the analysis. In Scott, the Sixth Circuit examined whether an adverse inference may be drawn from spoliation absent bad faith, not the scope of sanctions available to a trial court under the Tennessee Rules of Civil Procedure. Scott, 2008 WL 1808549, at *1, 10-11 (6th Cir. April 22, 2008). In this case, the loss of the ramps by Lowe's has prejudiced J-Rod in its ability to present a complete and adequate defense to plaintiffs' complaint and Capps' comparative fault allegation, as well as prejudicing the ability of Capps to defend against Lowe's's own allegation of comparative fault. Without the particular ramps at issue, their condition prior to plaintiff's injury cannot be ascertained. Here, the court is not drawing an adverse inference in regards to Lowe's's loss of the evidence, but rather exercising its discretion to prevent further prejudice to J-Rod and Capps due to this loss. The court will not force J-Rod to defend this lawsuit without access to the broken ramps, nor will it allow Lowe's, as the defendant responsible for the loss of the ramps, to use their unavailability to limit its own liability by pleading their defective character at any time prior to their acquisition by Lowe's.

5

Therefore, as a sanction under Rule 34A.02 and Rule 37 of the Tennessee Rules of Civil Procedure, Lowe's's pleading of the affirmative defense of comparative fault on the part of Capps will be stricken.

**Rule 54(b) Final Judgment.**  J-Rod has also moved this court to enter a Rule 54(b) final judgment concerning the claims brought in plaintiffs' Third Amended Complaint.  Rule 54(b) of the Federal Rules of Civil Procedure states,

> when an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' right and liabilities.

FED. R. CIV. P. 54(b).

In Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc., the Sixth Circuit provided "[a] nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination."  Corrosioneering, Inc., 807 F.2d 1279, 1283 (6th Cir. 1986).  These factors include,

> (1) the relationship between the adjudicated claim and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obligated to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

6

Id.

The ruling here on the claims for recovery against J-Rod is not so much an adjudication on the merits as it is the effectuation of a stipulated dismissal. In any event, the claims against J-Rod are bound up with the remaining claims against Lowe's and Capps, such that a judgment in favor of these defendants would moot the issue presented here. Moreover, any appeal from a judgment in favor of plaintiffs would likely involve reconsideration of the spoliation issue as it pertains to the apportionment of fault. For these reasons, the court declines to enter final judgment for J-Rod under Rule 54(b).

### III.

To summarize, the court **GRANTS** what it construes as Capps' motion to strike (Docket Entry No. 52), and Lowe's's affirmative defense of Capps' comparative fault is **STRICKEN** as a sanction for its spoliation of indispensable evidence. As a result of this spoliation, the claim against J-Rod in plaintiffs' Third Amended Complaint (Docket Entry No. 25) and Capps' affirmative defense invoking J-Rod's comparative fault (Docket Entry No. 22 at 2-3, ¶¶ 3-4) are **DISMISSED** as moot.[6]

Finally, the parties' joint motion to amend/correct the Third Amended Case Management Order is **GRANTED**. The court presumes that the trial date of March 17, 2009 is in dire jeopardy given the loss of the ramps in this case and the pendency of J-Rod's

---

[6]This judgment of dismissal necessarily follows the sanction for spoliation in this case. The disposal of the ramps by Lowe's negates all claims of comparative fault owing to a preexisting defect. Judgment only follows the exclusion of this critical evidence because Lowe's (and, down the line, Capps and then plaintiffs) cannot otherwise prove its case. Donohoe v. American Isuzu Motors, Inc., 155 F.R.D. 515, 520 (M.D. Penn. 1994).

7

summary judgment motion. Accordingly, in light of the rulings made in this order, the attorneys for plaintiffs, Lowe's, and Capps are directed to confer and submit by February 2, 2009, a proposed Fourth Amended Case Management Order, including a new proposed trial date.

So **ORDERED**.

     s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE