IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES McGRATH, ET AL. ) | |
| ) | |
| v. ) | No. 3:06-0989 |
| ) | Magistrate Judge Bryant |
| LOWE'S HOME CENTERS, INC., ET AL. ) | |

## MEMORANDUM AND ORDER

### I.

This case is before the undersigned for all further district court proceedings, pursuant to the consent of the parties. The underlying facts are established on the record by various pleadings and papers, and will not be recited in detail here. In summary, plaintiffs seek to recover for injuries sustained upon the failure of a loading ramp during the attempted move of a recently purchased lawnmower to a truck bed, and subsequent to the accident, the pair of ramps was discarded by a Lowe's employee, and cannot be recovered.

Currently pending is defendant Capps Rent-A-Car, Inc.'s ("Capps") motion for summary judgment (Docket Entry No. 65), supported by memorandum and statement of material facts not in dispute. Plaintiffs have responded by admitting the predicate facts as stated by Capps (Docket Entry No. 69), and by "conced[ing] that [Capps's] Motion for Summary Judgment is well taken, and should be granted, dismissing with prejudice [Capps] as a party Defendant in this lawsuit." (Docket Entry No. 68 at 1)

Lowe's has not filed any response to the summary judgment motion.

1

## II.

As explained in the court's prior order sanctioning Lowe's for its spoliation of the failed ramps (Docket Entry No. 60), the manufacturer of the ramps, J-Rod, Inc. ("J-Rod"), was dismissed as a party defendant due to the frank impossibility of any party proving a manufacturing defect without being able to examine the ramps. Though Lowe's contested its culpability as a spoliator, no party opposed the dismissal of J-Rod from this lawsuit as a consequence of the unavailability of the critical evidence against it.[1] In light of Lowe's's disposal of the ramps, its pleading of comparative fault on the part of Capps was stricken upon this court's exercise of its discretion under Rules 34A.02 and 37 of the Tennessee Rules of Civil Procedure, as interpreted by the Tennessee Court of Appeals,[2] leaving Capps "to defend whatever negligence claim plaintiffs assert against it in their Second Amended Complaint (Docket Entry No. 11), if any." (Docket Entry No. 60 at 2-6)

As noted above, plaintiffs have now disavowed any pleading on their part of

---

[1] Capps only opposed summary judgment in favor of J-Rod to the extent that such judgment was sought on grounds other than the spoliation of the ramps.

[2] At the time the court issued its prior order, Sixth Circuit precedent required the application of state law to determine the availability of spoliation sanctions. E.g., Nationwide Mut. Fire Ins. Co. v. Ford Motor Co., 174 F.3d 801, 804 (6th Cir. 1999). The en banc Sixth Circuit has since recognized "that a federal court's inherent powers include broad discretion to craft proper sanctions for spoliated evidence," aligning itself with "every other federal court of appeals to have addressed the question" and overruling its prior opinions to the extent they held otherwise. Adkins v. Wolever, 554 F.3d 650, 651 (6th Cir. 2009). The Sixth Circuit in Adkins repeatedly emphasized the breadth of the district court's discretion in determining whether the spoliation at issue is sanctionable, and if so, what form the sanction should take. Recognizing that "a proper spoliation sanction should serve both fairness and punitive functions," the decision in Adkins contemplates the propriety of sanctions even where the spoliator was without fault, again in the district court's exercise of its broad discretion. 554 F.3d at 653-53. Because this result is harmonious with the wide discretion afforded by the law of Tennessee with respect to spoliation sanctions, the court does not view the change in law worked by Adkins as having any particular effect on the instant matter.

an independent negligence claim against Capps, and conceded that their complaint against Capps should be dismissed with prejudice. It thus appears that Capps is entitled to be dismissed from this case as a party defendant, inasmuch as (1) there is no remaining, viable allegation that Capps is liable for any harm to plaintiffs as either an independent or comparative tortfeasor, (2) there is thus no triable factual issue which would preclude Capps's summary dismissal from the case, and (3) the propriety of judgment in favor of Capps is not contested by plaintiffs or Lowe's.

## III.

Accordingly, there being no opposition to the requested summary judgment, Capps's motion (Docket Entry No. 65) is hereby GRANTED. In view of this ruling, the recently filed motion to ascertain status (Docket Entry No. 73) is likewise GRANTED. The Clerk is directed to terminate Capps as a party defendant in this case.

So **ORDERED.**

    s/ John S. Bryant  
JOHN S. BRYANT  
UNITED STATES MAGISTRATE JUDGE